IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DON KING PRODUCTIONS, INC.,**<br>    **Plaintiff**<br><br>    v.<br><br>**EL CERRITO RESTAURANT, et al.,**<br>    **Defendants** | **Civil No. 04-2325(SEC)** |

**MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION**
**FOR ENTRY OF DEFAULT JUDGMENT**

I.     **Procedural Background**

On May 31, 2005, the Court referred the pending Motion for Default Judgment. ***See Docket Nos. 11, 12, 13***. Don King Productions, Inc. moves the court for default judgment against defendants El Cerrito Restaurant, Lydia Sánchez a/k/a Lidia Sánchez, and the Conjugal Partnership of Lydia Sánchez and Fulano de Tal (**Docket No. 11**).

The record reflects that following the filing of a motion requesting entry of default, the Clerk of Court docketed Entries of Default on March 31, 2005, and May 13, 2005, as to El Cerrito Restaurant, Lydia Sánchez, individually and the Conjugal Partnership of Lydia Sánchez and her spouse Fulano de Tal (**Docket Nos. 6, 10**).

Don King Productions, Inc. (hereafter "Don King") requests that judgment be entered and the defendants, jointly and severally, pay the amount of $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and that said amount be increased pursuant to § 605(e)(3)(C)(ii) to $50,000 or in an amount in the Court's discretion for willful and commercial advantage or private gain. Plaintiff also seeks attorney's fees and costs.

The undersigned issues a Report and Recommendation inasmuch as, no party has consented to the jurisdiction of a Magistrate-Judge pursuant to 28 U.S.C. § 636. While consent to a Magistrate-Judge's designation can be inferred from a party's conduct during litigation, there can be no inference of conduct when a party that has been served, has not

**Civil No. 04-2325(SEC)**  Page -2-

appeared and is in default. *See Roell v. Withrow*, 538 U.S. 580 (2003); *see also Henry v. Tri-Services, Inc*, .33 F.3d 931 (8th Cir. 1994) (Magistrate-Judge who entered a default judgment, lacked authority to enter final judgment where record contained no clear statement that party, who had not yet entered appearance in action when other parties agreed to have final judgment determined by Magistrate-Judge, ratified such agreement).

## II.    Factual Background

The Complaint alleges violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 (**Docket No. 1**). Don King alleges that the named defendants violated said Act when on March 1 and 2, 2003, they exhibited closed-circuit broadcast boxing matches that were not intended for the use and view of the general public, and that the defendants were not authorized to exhibit same. The Complaint alleges that the defendants misappropriated Don King's licensed exhibition of the boxing matches and infringed upon its rights while avoiding proper payment to it. It is also alleged that the defendants' purpose and express intent and willfulness in committing said actions was to secure a financial gain and commercial advantage.

## III.    Analysis

### A.    Default Judgments

Fed.R.Civ.P. 55 governs the entry of default judgments in federal court. *See* Fed.R.Civ.P. 55. Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor. First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the Clerk of Court enter default on the docket. Fed.R.Civ.P. 55(a). Second, following an entry of default by the Clerk, "the party entitled to a judgment by default shall

**Civil No. 04-2325(SEC)**                                                                                                   Page -3-

apply to the court therefor." Fed.R.Civ.P. 55(b)(2).

Fed.R.Civ.P. 55(a) authorizes a court to enter a default judgment against a party who has "failed to plead or otherwise defend" an action. Default judgment may be entered by the Clerk "when the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person." Fed.R.Civ.P. 55(b)(1). In all other cases the Court can enter judgment by default when the party entitled to a judgment by default applies for such remedy to the Court. Fed.R.Civ.P. 55(b)(2). Rule 55 also provides that " in order to enable the court to enter judgment or to carry it into effect, it is necessary to consider or to determine the amount of damages or to establish the truth of any averment by evidence, or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States." *Id.*

Don King Productions, Inc. complied with the requisites of Rule 55 in that it first sought entry of default, and now requests default judgment and damages. Having reviewed the record, the undersigned determines that default judgment is appropriate and **RECOMMENDS**, as requested by Don King; the entry of Default Judgment as to the following defendants: **El Cerrito Restaurant, Lydia Sánchez s/k/a Lidia Sánchez, and the Conjugal Partnership of Lydia Sánchez and Fulano de Tal.**

B.   **47 U.S.C. § 605**

In conjunction with the motion for entry of default judgment Don King seeks damages

Civil No. 04-2325(SEC) Page -4-

pursuant to 47 U.S.C. § 605 of the Federal Communications Act of 1934, as amended. In the case at bar, Don King alleges that the defaulted defendants, without authorization, exhibited a boxing event in their commercial establishments. Section 605 of the Act provides for civil penalties for the unauthorized publication or use of communications. In addition to statutory civil damages, § 605 also provides for the award of reasonable attorneys fees. More particularly, the statute sets forth that

> (B) The court . . . (ii) may award damages as described in subparagraph (C); and (iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.
> (C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
> (I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or
> (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.
> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.
> (iii) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

47 U.S.C. § 607.

C. **Evidence on Record**

"A party who defaults is taken to have conceded the truth of the factual allegations in the complaint". *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n. 3 (1st Cir. 1999), and the default

**Civil No. 04-2325(SEC)**                                                                                                            Page -5-

of a defendant constitutes an admission of all facts well-pleaded in the complaint. *Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc. (In re The Home Restaurants, Inc.)*, 285 F.3d 111, 114 (1st Cir. 2002). The record reflects that Don King also submitted evidence in support of the fact that on March 1 and 2, 2003, El Cerrito Restaurant, without authorization, displayed the Roy Jones v. John Ruiz boxing match. The display was intended to promote financial gain by enhanced patrons participation. Evidence gathered by plaintiff's investigator, reveals that the commercial establishment contained one television screen, at the time the boxing match was being presented 50 persons were inside the establishment) (**Docket No. 11** aff.).

      **D.     Damages**

Don King seeks to recover statutory damages against each defendant under 47 U.S.C. §§ 605(e)(3)(C). The statute provides that for "each violation" of 47 U.S.C. §§ 605(a), a court may award the aggrieved party a statutory damage award of "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. §§ 605(e)(3)(C)(i)(II). Don King seeks the maximum statutory damages of $10,000, based upon the defendants' unauthorized exhibition of the boxing event to their patrons.

The undersigned finds no need for a hearing inasmuch as, the amount of damages may be ascertained from the exhibits and affidavits submitted by Don King.

Having examined the pleadings and affidavits on record, evidence which remains unrebutted, it is determined that the plaintiff provided justification for an award of the maximum statutory amount of $10,000, per violation. Therefore, it is **RECOMMENDED** that Don King be awarded $10,000 as statutory damages.

Don King also seeks damages contending that the violation of the defendants was

Civil No. 04-2325(SEC) Page -6-

"willful". It must be considered that section 605(e)(3)(C)(ii) provides that a court may increase statutory damages by an amount of not less than $10,000 or not more than $100,000 for each violation, if the violation was committed willfully and for purpose of direct or indirect commercial advantage or private financial gain. Don King asserts that the court may infer willfulness from defendant's failure to defend itself. *Century ML-Cable Corp. v. Díaz*, 39F.Supp.2d(2) (PPR 1999). Don King also requests the Court to impose damages under this section. Plaintiff's motion is somewhat confusing because in one portion of the motion plaintiff appears to ask for $40,000 on damages for a willful violation (i.e. that the statutory amount of $10,000 "be increased . . . to $50,000") (**Docket No. 11**, p. 2). Don King then goes on to ask for a total amount of $110,000 to be awarded[1]. The $110,000 amount includes attorneys' fees of $2,100 and costs of $500. Nonetheless, in seeking "willful" damages Don King[2] refers the Court to the number of patrons in the business establishment, the number of televisions or screens in the establishment and the fact that the defendants did not have a license to show the fight in the manner they did. Don King requests judgment be entered against the defaulted defendants jointly and severally.

Don King has provided evidence to support its assertion that the violation was willfully committed, justifying thus, a claim of willful damages. The affidavits refer to the number of televisions in the commercial establishment and the number of patrons inside the establishment at the time that the plaintiff's investigator was present. More so, it remains an

---

[1] Were the amount of statutory damages to be increased from $10,000 to $50,000, the total amount claimed would amount to $100,000. This $110,000 amount includes a request for attorney's fees in the amount of $2,100 and costs and filing fees totaling $500.

[2] The $97,400 is calculated as follows; total request of $110,000 less $10,000 under section 605(e)(3)(c)(i)(II) less request of attorney's fees of $2,000 and cost of $500 equals $97,400.

**Civil No. 04-2325(SEC)** Page -7-

uncontested fact that the defendants did not obtain a license to show the fight or boxing match in their business establishment. As discussed above, the statute provides for statutory damages for each violation. The undersigned determines that "each violation" does not equate "each defendant", but rather refers to the unauthorized broadcast and violation in each establishment. Therefore, it is **RECOMMENDED** that Don King Productions, Inc.'s, request for damages be **GRANTED** and that the defendants, jointly and severally, pay $10,000 in statutory damages and $97,400 in damages for said violation being one "willful and geared to obtain private gain".

  **E.**  **Attorneys' Fees**

Don King also seeks attorneys' fees and costs. In support, Don King provided an affidavit, and it certified that the total legal fees incurred in connection with this set of defendants amounts to $2,100. It also certified that the cost incurred as to these defendants totaled $500.

Section § 605(e)(3)(B)(iii) of the Federal Communications Act of 1934, as amended, commands and authorizes a court to award a "prevailing aggrieved party" the costs and reasonable attorneys' fees which it incurred in prosecuting its claims to judgment. Counsel for Don King has submitted a statement setting forth the amount of time spent in investigating the claim, producing legal documents, and conducting research. It is asserted by counsel that a total of 11 hours were devoted to each case, at that the claimed rate of $200 per hour is reasonable. Considering counsel's professional experience and the amount of work performed, we concur. As previously noted, Don King's motion asks for attorney's fees in the amount of $2,100. However, according to the rate and hours work, the total amount of

Civil No. 04-2325(SEC)                                                                                              Page -8-

attorney's fees to be paid is $2,200, not $2,100 as erroneously stated by counsel ($200 x 11=$2,200).

Having reviewed the affidavits and the pleadings filed, the undersigned finds that the amount requested represents a reasonable fee.  It is therefore **RECOMMENDED** that attorneys' fees be awarded in the sum of $2,200.

Counsel for Don King also provided documents as to costs incurred in relation to the prosecution of this case.  This included investigative fees of $200 per case, the $150 filing fee, and service fees of $150 for a total of $500 in costs.  Accordingly, it is **RECOMMENDED** that Don King be awarded $500 for costs incurred.

IV.     **Conclusion**

    **IT IS THEREFORE RECOMMENDED**  as follows:

    a.    That the Motion for Default Judgment (**Docket No. 11**) be **GRANTED** and that default judgment be entered as to defendants El Cerrito Restaurant, Lydia Sánchez a/k/a Lidia Sánchez, and the Conjugal Partnership of Lydia Sánchez:

    b.    That judgment be entered against the defendants El Cerrito Restaurant, Lydia Sánchez a/k/a Lidia Sánchez, and the Conjugal Partnership of Lydia Sánchez, jointly and severally, in the amount of $107,400.

    c.    That Don King Productions, Inc. be awarded attorneys' fees totaling $2,200 and costs totaling $500.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order.  *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir.

**Civil No. 04-2325(SEC)**                                                                     Page -9-

1986*); Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

    **IT IS SO RECOMMENDED**.

    At San Juan, Puerto Rico, on this 29th day of July, 2005.


                                                        S/ **AIDA M. DELGADO-COLON**
                                                        **U.S. Magistrate-Judge**